**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID ESCUDERO <br>     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:17-CV-1599 |
| THE BATH KITCHEN PROS, LLC, <br> ABEL J. HELM and MITCHELL <br> B. CLAY, <br>     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought as an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff David Escudero by Defendants, their subsidiaries and affiliated companies.

### Parties

1. Plaintiff David Escudero a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant The Bath Kitchen Pros, LLC ("TBKP") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiff, TBKP is subject to the provisions of the FLSA. TBKP was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. TBKP may be served through its registered agent, Abel J. Helm at 3500 Tangle Brush Dr. #87, Spring, TX 77381, 3500 Tangle Brush Dr. #87, The Woodlands, TX 77381 or wherever he may be found.

3. Defendant Abel J. Helm ("Helm") is an individual who was also an "employer" of Escudero as that term is defined by the FLSA. With respect to Plaintiff, Helm is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Helm was a person who determined and directly controlled the employee compensation policies of TBKP. Defendant Helm may be served with process 3500 Tangle Brush Dr. #87, Spring, TX 77381, 3500 Tangle Brush Dr. #87, The Woodlands, TX 77381 or wherever he may be found.

4. Defendant Mitchell B. Clay ("Clay") is an individual who was also an "employer" of Escudero as that term is defined by the FLSA. With respect to Plaintiff, Clay is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Clay was a person who determined and directly controlled the employee compensation policies of TBKP. Defendant Clay may be served with process at 10534 Elk Point Lane, Houston, Texas 77064 or wherever he may be found.

**Jurisdiction and Venue**

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper pursuant to 28

U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

### Factual Allegations

6. Plaintiff David Escudero worked for Defendants as a Lead Installer from May of 2015 until May of 2017. Escudero's duties included, but were not limited to installing bathrooms and kitchens, plumbing, electrical and general construction work.

7. Plaintiff was paid on an hourly rate basis for each hour that he worked throughout his employment with Defendants. Plaintiff performed repetitive manual work that required him to follow pre-determined protocol and procedures. Plaintiff regularly worked well in excess of 40 hours per week, but was not paid premium pay for the hours worked over 40.

8. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

9. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

10. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

### Plaintiff's Individual Allegations

11. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants have failed to pay the Plaintiff the required overtime premium in every workweek that the Plaintiff was employed by Defendants in which Plaintiff worked in excess of 40 hours. Plaintiff was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40.

12. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours that he worked, and the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

13. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

14. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

15. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

16. Plaintiff demands a trial by jury on all claims he has asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid minimum and overtime wages at the applicable rates;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An amount equal to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

/s/ Josef F. Buenker
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
Vijay A. Pattisapu
TBA No. 24083633
vijay@buenkerlaw.com
2060 North Loop West, Ste. 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF DAVID ESCUDERO**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgettlaw@gmail.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Ste. 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF DAVID ESCUDERO**